UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD W. BEIER,

    Petitioner,

v.                                          Case No. 8:99-CV-754-T-27TBM

JOE T. BUTLER,

    Respondent.
_____/

## ORDER

Petitioner, an inmate of the Florida penal system proceeding *pro se,* initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). Petitioner subsequently filed an amended petition (Dkt. 39), and a memorandum in support of his amended petition (Dkt. 40). Petitioner is challenging a 1995 plea-based conviction for second-degree murder entered by the Sixth Judicial Circuit Court, Pinellas County, Florida. Respondent has filed a response to the amended petition (Dkt. 41), and Petitioner has filed a reply thereto (Dkt. 44). The matter is now before the Court for consideration on the merits.

An evidentiary hearing is not required for the disposition of this matter. Rules Governing Section 2254 Cases 8(a) (2008). Furthermore, a recitation of the procedural history of Petitioner's criminal conviction is not necessary to the resolution of his habeas claims because Respondent does not dispute the timeliness of the petition.[1]

---

[1] On June 17, 2002, this Court found that Petitioner's federal habeas petition was timely filed (Dkt. 28).

## Standards of Review

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). It is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." *Id. Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

## Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland's* two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

## Discussion

In his amended petition, Petitioner raises five grounds for relief:

1. his guilty plea was not knowingly and voluntarily entered;

2. the state circuit court erred when it denied his motion for a belated appeal;

3. the state circuit court erred when it failed to rule on his motion to appoint counsel for

the evidentiary hearing on his post-conviction claims, and his motion to appoint counsel for rehearing;

4. the state trial court denied him his right to due process when it denied his post-conviction claims without explaining its reasons for denying the claims, and for failing to allow him an opportunity to file a reply to the State's response to his post-conviction motion; and

5. the state appellate court erred when it failed to grant his motion for a belated appeal.

**Ground One**

Petitioner claims that his guilty plea was not knowing and voluntary because his attorney: 1) misadvised him regarding the actual time he would spend in prison, and his eligibility to receive gain time awards; 2) failed to advise him of the three year minimum mandatory; and 3) failed to ensure that he had a hearing aid during court proceedings.

Petitioner raised his claim and arguments in support of his claim in his second Rule 3.850 post-conviction motion (Respondent's Ex. 003 at 10-23). The circuit court in its May 21, 1996 order summarily denying Petitioner's second and third arguments in support of his claim stated:

> Defendant's second and third claims are without merit. First, defendant did know about the three-year minimum mandatory, as it was clearly written out in the plea agreement, which defendant signed (Exhibit 1). As to the other claim, defendant only states the he "possibly could have" understood the proceedings better. This does not satisfy the second prong of Strickland v. Washington, which requires defendant to show prejudice caused by counsel's omission. Strickland v. Washington, 466 U.S. 668 (1984).

(Respondent's Ex. 003 at 24-25).

In *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002), the Court held that a habeas court's standard for evaluating a state-court ruling is highly deferential, which demands that state-court decisions be given the benefit of the doubt. Pursuant to AEDPA, the state court's denial of

3

Petitioner's post-conviction motion is entitled to a presumption of correctness in this Court. 28 U.S.C. § 2254(d).

"[A] state court's decision is not 'contrary to. . . clearly established Federal law' simply because the court did not cite [Supreme Court] opinions. . . . [A] state court need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" *Id.* at 21 (quoting *Early v. Packer*, 537 U.S. 3, 7-8 (2002)). "[W]hether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (citation omitted). A state court's factual finding is presumed to be correct. Petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e); *Henderson v. Campbell*, 353 F.3d 880, 890-91 (11th Cir. 2003).

The post-conviction court's findings are not contrary to clearly established federal law, nor unreasonable. Petitioner was aware of the three year minimum mandatory as it was written in the Change of Plea Form he signed on April 5, 1995 (Respondent's Ex. 003 at 26-27). Accordingly, Petitioner fails to demonstrate prejudice pursuant to his second argument.

As to his third argument, the post-conviction court's finding that "defendant only states that he 'possibly could have' understood the proceedings better" if his attorney had ensured that he had a hearing aid during the proceedings is a finding that Petitioner failed to demonstrate prejudice, and therefore failed to satisfy the second prong of *Strickland*. The finding is not unreasonable as Petitioner's post-conviction motion alleged "that had counsel properly assisted him in his medical needs, he possibly could have gained a better understanding of the proceedings against him..." (Respondent's Ex. 003 at 21). Accordingly, Petitioner fails to

4

demonstrate that he is entitled to relief pursuant to his third argument.

In denying Petitioner's first argument, the circuit court adopted the State's response to the Petitioner's argument (Respondent's Ex. 003 - July 8, 1996 "Order Denying Motion to Withdraw Plea, Vacate and Set Aside Judgment, Sentence and Conviction"). The appellate court, however, reversed, in part, the circuit court's order and remanded for further proceedings regarding Petitioner's claim that his plea was involuntary because of his attorney's misrepresentations about how much time Petitioner would actually serve in prison. *See, Beier v. State*, 684 so. 2d 306 (Fla. 2d DCA 1996).

Following the remand, the state circuit court held an evidentiary hearing on Petitioner's claim that his attorney misrepresented the amount of time Petitioner would serve in prison (Respondent's Ex. 003 - February 21, 1997 evidentiary hearing). Petitioner testified at the evidentiary hearing and essentially attested that when he discussed the state's offer of a plea agreement of 40 years in prison, he asked his attorneys how much time he would actually serve, and his attorneys told him that he would serve only 10 to 12 years maximum, if not less (Id. at pages 4-5 of transcript). Therefore, he decided to enter into the plea agreement. Petitioner's daughter and ex-wife also testified at the evidentiary hearing, and they both stated that Petitioner's attorney, Mr. Levalley, told them over the speaker phone that Petitioner was only going to serve between 10 and 12 years (Id. at pages 10-15 of transcript).

Petitioner's attorney, Mr. Levalley, testified at the evidentiary hearing, and he attested that he specifically recalled Petitioner asking him how long he would serve, and that he told him that he could not tell him how long he would actually serve (Id. at page 17 of transcript). He also testified that he makes it his practice as a Public Defender not to tell his clients how long they

5

will serve on their sentences (Id. at page 18 of transcript). Mr. Levalley also stated that he specifically recalled that when he and Ms. McClure, Petitioner's other attorney, met with Petitioner, that neither he nor Ms. McClure told Petitioner how long he would serve on his sentence (Id. at pages 18-19 of transcript). He also testified that he read the plea form to Petitioner, and that he did not tell Petitioner that he would receive time off his sentence because of gain time (Id. at pages 19-20 of transcript). Mr. Levalley testified that he did not tell Petitioner's daughter or ex-wife that Petitioner would only serve between 10 and 12 years of his sentence (Id. at pages 20-21 of transcript). He stated that Petitioner did not want to go to trial, was willing to accept an offer of 50 years or less, and was adamant that he was going to accept the 40 year offer (Id. at pages 24-25 of transcript). Ms. McClure testified that she did not represent to Petitioner the amount of time he would actually serve in prison (Id. at page 28 of transcript).

Subsequent to the evidentiary hearing, the state circuit court denied Petitioner's post-conviction motion and stated in pertinent part:

> The one issue was whether counsel were ineffective for misadvising defendant as to gain time eligibility and the exact time defendant would serve in prison. This Court gave both the defendant and the State an opportunity to present witnesses, and allowed examination and cross-examination of these witnesses. Based on the evidence and testimony, this Court finds that defendant is not entitled to relief. First, defendant, on both the plea form and during the plea colloquy, indicated that there were no promises made to him to get him to plead. Furthermore, the judge during the plea colloquy made comments that would raise questions in defendant that defendant would not serve 10-12 years, but be in prison for a very long time, possibly for the rest of his life, but this Court noted that defendant never questioned these remarks made by the judge. Finally, defendant did not raise this issue in his first Post Conviction Relief motion, but in his second, successive motion. Based on those findings, and based on the credibility of the witnesses and their interest in the outcome, the Court finds that no such alleged promises were made and the plea stands.

(Respondent's Ex. 003 - February 27, 1997 "Order Denying Motion for Post Conviction Relief").

The state circuit court credited the testimony of defense counsel at the Rule 3.850 evidentiary hearing--that counsel did not tell Petitioner or his daughter and ex-wife that Petitioner would only serve 10 or 12 years in prison--over that of Petitioner and his witnesses. Credibility determinations are questions of fact. *See Martin v. Kemp*, 760 F.2d 1244, 1247 (1985) (per curiam) (finding that factual issues include basic, primary, or historical facts, such as external events and credibility determinations). Petitioner has not rebutted the state circuit court's credibility finding by clear and convincing evidence. *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Given the state circuit court's credibility determination, Petitioner's claim must fail.

Moreover, the Change of Plea Form clearly stated that Petitioner's sentence would consist of "40 years DOC" and that nobody promised Petitioner anything in exchange for his change of plea (Respondent's Ex. 001 at pages 3-4 - "Change of Plea Form"). Furthermore, at the sentencing hearing, Petitioner stated that he was entering the plea because it was in his best interest,[2] that nobody promised him anything to get him to enter the plea, and that he understood that his sentence would be 40 years in prison (Respondent's Ex. 001 at pages 7-8 of sentencing hearing transcript). Finally, at the sentencing hearing the judge stated to Petitioner that "you probably, if you are released, would be a very old man without much left. Also, there is a substantial chance that you'll never come out of the state prison." (Id. at pages 9-10).[3]

A reviewing federal court may set aside a state court guilty plea only for failure to satisfy

---

[2] The Court notes that Petitioner was facing a first-degree murder charge with the possibility of a death sentence, and in exchange for his plea he was convicted of second-degree murder and received a 40 year sentence (Respondent's Ex. 001 at 1-9).

[3] The Court notes that Petitioner's date of birth is January 16, 1940, and therefore he was 55 years old at the time of his sentencing on April 5, 1995 (Respondent's Ex. 001 at 1).

7

due process. A knowing and voluntary plea satisfies due process. *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). The standard for determining the validity of a plea is whether the plea represents a voluntary intelligent choice among the alternative courses open to the defendant. *See North Carolina v. Alford*, 400 U.S. 25, 31 (1970). The voluntariness of a plea is determined by considering all of the relevant circumstances surrounding it. *Brady v. United States*, 397 U.S. 742, 749 (1970). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Stano v. Dugger*, 921 F2d 1125, 1141 (11th Cir. 1991). The plea colloquy, the plea agreement, and the testimony presented at the post-conviction evidentiary hearing provide sufficient support for the objectively reasonable findings that Petitioner's attorneys did not tell him that he would only serve 10 to 12 years in prison, and that Petitioner's plea was knowing and voluntary. The state court's determinations were neither contrary to or an unreasonable application of controlling Supreme Court precedent nor an unreasonable determination of the facts. Accordingly, Ground One will be denied.

**Ground Two**

In Ground Two, Petitioner asserts that the state circuit court denied his motion for a belated appeal, and thereby violated his right to access to the courts, due process, and assistance of counsel on direct appeal. On February 5, 1996, Petitioner filed his "Petition for Post-Conviction Relief Belated Appeal, Fla. R. Crim. P. 3.850" in the state circuit court in which he asserted ineffective assistance of trial counsel for failing to file a notice of appeal after Petitioner requested him to do so, asserted that the trial court failed to advise him of his right to an appeal

8

and to have counsel appointed to represent him,[4] and requested a belated appeal (Respondent's Ex. 002 at 1-5). In denying Petitioner's Rule 3.850 post-conviction motion, the circuit court stated in pertinent part:

> Defendant pleaded guilty to the charges (Exhibit 1), and therefore, he has no right to appeal the judgment and sentence. Section 924.06(3) Florida Statutes (1993). Therefore, his attorney was not ineffective for not filing an appeal to which defendant was not entitled. Bridges v. Dugger, 518 So. 2d 298 (Fla. 2nd DCA 1987).

(Respondent's Ex. 002 - Circuit court order dated March 11, 1996).

Petitioner did not appeal the order denying his post-conviction motion. Instead, on April 26, 1996, Petitioner filed a second Rule 3.850 post-conviction motion in which he asserted, *inter alia*, that the circuit court had erred in denying his previous Rule 3.850 post-conviction motion and request for a belated appeal because he had established that counsel was ineffective for failing to file an appeal (Respondent's Ex. 003 at 1-13). In denying this claim, the circuit court stated:

> As to Defendant's claim of trial court error, defendant claims it was error to deny his previously filed motion for belated appeal. This current motion is not the proper place to raise this allegation.

(Respondent's Ex. 003 - May 21, 1996 "Order Denying Motion to Withdraw Plea, Vacate and Set Aside Judgment, Sentence and Conviction in Part and Order to Show Cause").

Petitioner appealed the denial of his second Rule 3.850 post-conviction motion. The appellate court entered its opinion affirming in part, and reversing in part and remanding for further proceedings. *See, Beier v. State*, 684 So. 2d 306 (Fla. 2d DCA 1996). The appellate

---

[4]It is apparent from the record that the state trial court informed Petitioner of his right to appeal and right to appointed counsel (Respondent's Ex. 001 at April 5, 1995 sentencing transcript, page 49).

court in *Beier* stated:

> The appellant, Richard Beier, appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We determine that only one of the appellant's claims has merit. Beier has made a facially sufficient claim that his plea was involuntary based upon misinformation from his attorney.
>
> This court ruled in *Hoch v. State*, 679 So. 2d 847, 21 Fla. L. Weekly D2038 (Fla. 2d DCA 1996), that a broad question placed to the defendant regarding promises made to him would not foreclose postconviction relief founded upon misinformation by the defendant's attorney. We remand for the trial court to determine whether Beier's plea was involuntary due to his attorney's misrepresentations about how much time Beier would actually serve in prison.
>
> Appellant must seek review of any subsequent order of the trial court within thirty days.

*Id.* at 307. Respondent asserts that Petitioner's claim is procedurally barred (Dkt. 41 at 19-22). The Court agrees.

Before this Court may grant habeas relief to a state prisoner under 28 U.S.C. § 2254, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. *See* § 2254(b)(1)(A),(c); *Keinz v. Crosby*, 2006 U.S. App. LEXIS 4448, 2006 WL 408686 (11th Cir. 2006); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan*, 526 U.S. at 842. A § 2254 petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." *Pruitt v. Jones*, 348 F.3d 1355, 1358 (11th Cir. 2003) (citing 28 U.S.C. §2254(c)). In so doing, a state prisoner "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's

established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary." *Pruitt,* 348 F.3d at 1358-59 (citing *O'Sullivan,* 526 U.S. at 845). The failure to properly exhaust state court remedies results in a procedural default of the unexhausted claims. *O'Sullivan,* 526 U.S. at 847.

"If the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones,* 256 F.3d 1135, 1138 (11th Cir. 2001)(citing *O'Sullivan,* 526 U.S. at 845-6). Under the first exception, to establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper,* 169 F.3d 695, 703 (11th Cir. 1999); *see also Murray v. Carrier,* 477 U.S. 478, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986). To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting the entire trial with error of constitutional dimensions. See *United States v. Frady,* 456 U.S. 152, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982). In other words, he must show that there is at least a reasonable probability that the outcome of the proceeding would have been different. *See Henderson,* 353 F.3d at 892 (citing *Wright,* 169 F.3d at 703; *Crawford v. Head,* 311 F.3d 1288, 1327-28 (11th Cir. 2002)).

Under the second exception, a federal court may review a procedurally defaulted claim if such review is necessary to correct a fundamental miscarriage of justice. *See Henderson,* 353 F.3d at 892 (citing *Murray,* 477 U.S. at 495-96). "A 'fundamental miscarriage of justice' occurs in an extraordinary case where a constitutional violation has resulted in the conviction of

11

someone who is actually innocent." *Id.* This exception relates to a petitioner's "actual" rather than "legal" innocence. See *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559, 118 S. Ct. 1489, 140 L. Ed. 2d 728 (1998); *Murray*, 477 U.S. at 495-96)). "To meet this standard, a petitioner must 'show that it is more likely than not that no reasonable juror would have convicted him' of the underlying offense." *Panarites v. Crosby*, 2006 U.S. Dist. LEXIS 4202, 2006 WL 196939 at *5 (M.D. Fla., Jan. 24, 2006) (citing *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)). Moreover, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." *Johnson*, 256 F.3d at 1171 (citing *Calderon*, 523 U.S. at 559 (internal quotation omitted)).

Petitioner failed to appeal the denial of his first post-conviction motion in which he asserted that he was entitled to a belated appeal because of his counsel's ineffective assistance for failing to file an appeal. When Petitioner asserted in his second post-conviction motion that the circuit court had erred in denying his claim that counsel was ineffective for failing to file an appeal, and in denying his request for a belated appeal, the circuit court stated "[t]his current motion is not the proper place to raise this allegation." (Respondent's Ex. 003 - May 21, 1996 "Order Denying Motion to Withdraw Plea, Vacate and Set Aside Judgment, Sentence and Conviction in Part and Order to Show Cause"). Therefore, the circuit court rejected review of Petitioner's claim because it was presented in an incorrect manner. The circuit court issued a "plain statement" applying its independent and adequate state procedural bar. *See, Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)("[A] state court's rejection of a federal constitutional claim on procedural grounds will only preclude federal review if the state procedural ruling rests upon [an] 'independent and adequate' state ground."). The state appellate court affirmed the circuit

court's application of the procedural bar to Petitioner's claim. *See, Harmon v. Barton*, 894 F.2d 1268 (11th Cir. 1990) (where trial court finds procedural default, state appellate court's silent affirmance is a finding of procedural default by last state court to rule on question).

Consequently, Petitioner deprived the state courts of a "full and fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. at 845. A federal court cannot grant a habeas petition by a state prisoner unless the petitioner has exhausted his available state court remedies. *Snowden v. Singletary*, 135 F.3d at 735. Petitioner's failure to appeal the circuit court's denial of his first Rule 3.850 post-conviction motion renders Ground Two unexhausted for purposes of federal review. *Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979) (Florida state remedies are exhausted after appeal to the district court of appeal from denial of a collateral attack upon a conviction).

Moreover, Petitioner cannot challenge the denial of this claim in state court because the claim is procedurally barred. Because Petitioner should have presented his claim to the state appellate court on appeal of the denial of his first Rule 3.850 post-conviction motion, Petitioner's federal claim is procedurally barred from review in the state courts. *See* Fla. R. Crim. P. 3.850(g).

Petitioner presents no argument to demonstrate cause and prejudice that would excuse his default. He has neither alleged nor shown that the fundamental miscarriage of justice exception applies. Because Petitioner fails to proffer specific facts showing an exception to procedural default, *Hill v. Jones*, 81 F.3d 1015 (11th Cir. 1996), Ground Two is procedurally barred.

**Grounds Three and Four**

In Ground Three, Petitioner essentially asserts that the state circuit court erred when it

13

failed to rule on his motion for appointment of counsel for the post-conviction evidentiary hearing, and on his motion for appointment of counsel for rehearing of the order denying his post-conviction motion. Petitioner further alleges that as a result of the state circuit court's failure to appoint counsel, he was deprived of due process and his right to counsel.

In Ground Four, Petitioner essentially asserts that he was denied due process when the state circuit court denied the claims he raised in his second post-conviction motion without explaining the reasons for denying the claims, and when the state circuit court failed to give Petitioner an opportunity to file a reply to the State's response to the motion prior to denying the motion.

The Eleventh Circuit has held that "where a petitioner's claim goes to issues unrelated to the cause of petitioner's detention, that claim does not state a basis for habeas relief." *Quince v. Crosby*, 360 F.3d 1259, 1261 (11th Cir. 2004). Claims asserting errors in the manner in which the state court conducted post-conviction proceedings are considered claims that are unrelated to the cause of the petitioner's detention. *Id.* at 1261; *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987) (holding that while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.") (internal quotes omitted). Moreover, "[t]here is no constitutional right to an attorney in state post-conviction proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)(citations omitted).

Grounds Three and Four assert errors in the manner in which the state circuit court

conducted the post-conviction proceedings, and therefore are not cognizable claims for federal habeas relief. Accordingly, Petitioner is not entitled to federal habeas relief upon Grounds Three and Four.

**Ground Five**

In Ground Five, Petitioner asserts that the state appellate court erred when it failed to grant his motion for a belated appeal of the trial court's order denying his second motion for post-conviction relief, and thereby violated his right to access the courts and to due process. On appeal of the order denying Petitioner's second motion for post-conviction relief, counsel for Petitioner raised one issue: whether the circuit court properly determined whether the defendant's trial attorney was ineffective (Respondent's Ex. 003 - Petitioner's Initial Brief). On May 8, 1998, the appellate court per curiam affirmed the order denying Petitioner's second post-conviction motion (Id. - opinion filed May 8, 1998, in case number 97-01633); *see Beier v. State*, 718 So. 2d 180 (Fla. 2d DCA 1998)[table]. Petitioner argues that his appellate counsel was ineffective for failing to raise several issues on appeal of the order denying his second motion for post-conviction relief, and therefore the appellate court should have granted him a belated appeal so that he could bring a new appeal and raise the claims appellate counsel failed to raise.

To the extent Petitioner's claim may be construed as asserting an ineffective assistance of post-conviction appellate counsel, the claim is without merit. There is no constitutional right to counsel in post-conviction proceedings, *see Coleman*, 501 U.S. at 752, and thus any alleged incompetence of post-conviction counsel is not a ground for relief in federal habeas proceedings. 28 U.S.C.§2254 (I) states as follows: "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief arising

under section 2254." *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Murray v. Giarratano*, 492 U.S. 1, 10 (1989). Likewise, in *Finley*, the Supreme Court refused to extend a due process requirement for effective collateral counsel to situations where a state has opted to afford collateral counsel to indigent inmates. *Id.*, 481 U.S. at 554-559.

To the extent Petitioner asserts he was denied access to the courts and due process when the appellate court denied his motion for a belated appeal to raise issues appellate counsel failed to raise on appeal of the order denying his second post-conviction motion, the claim is also without merit. As discussed, *supra*, a federal court is not the appropriate forum to challenge the process afforded in state collateral proceedings. *See, Quince v. Crosby*, 360 F.3d at 1261-62; *Spradley v. Dugger*, 825 F.2d at 1568. Consequently, Petitioner is not entitled to relief on this ground.

## Conclusion

For the foregoing reasons, the Court finds that Petitioner is not entitled to federal habeas relief.

ACCORDINGLY, the Court **ORDERS** that:

1. The Amended Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 39).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE and ORDERED** in Tampa, Florida, on January 20th, 2009.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy to: Petitioner *pro se*/Counsel of Record